COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

ROCHELLE SUSAN BEARDSLEE
                                      MEMORANDUM OPINION[*]
v.   Record No. 3025-95-2                 PER CURIAM
                                         JULY 15, 1997
WILLIAM CLARY, ET AL.


                                      FROM THE CIRCUIT COURT OF
THE CITY OF RICHMOND
                    Melvin R. Hughes, Jr., Judge

              (Rochelle Susan Beardslee, pro se, on
              brief).

              No brief for appellees.


     Rochelle Susan Beardslee appeals the decision of the circuit
court denying her motion to vacate the order of November 15,
1993.  Beardslee contends that the 1993 order was void.  Upon
reviewing the record and opening brief, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
decision of the trial court.  Rule 5A:27.

     Beardslee contends that the trial court lacked jurisdiction
to issue the temporary removal order of November 15, 1993 because
she had not been given notice.  The record demonstrates that the
parties, with counsel, were present in court.  The child's father
presented the testimony of the Henrico Child Protective Services
to support the allegations of sexual abuse by Beardslee.  The
agency had conducted a preliminary investigation which resulted

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in a finding of "reason to suspect" sexual abuse.

Under Code § 16.1-252, the court may issue a preliminary removal order "after a hearing wherein the court finds that reasonable efforts have been made to prevent removal of the child from his home." Twenty-four hour notice of the hearing is required, unless notice "cannot be given despite diligent efforts to do so." Code § 16.1-252(B). If notice is not given, "the parents . . . shall be afforded a later hearing on their motion regarding a continuation of the summary removal order."

The record demonstrates that the parties and their respective counsel were present in court. The matter was ongoing in the circuit court and the parties were properly before it. Therefore, Beardslee has failed to demonstrate that the court did not have jurisdiction or that its order was void.

It is not clear from the record whether the necessary notice was given prior to the hearing. However, the statute provides for an additional hearing in instances where notice was insufficient. See Code § 16.1-252(B). Here, Beardslee elected not to exercise her rights under the statute. She did not challenge the circuit court's factual findings or appeal its order, which became final twenty-one days after entry. See Rule 1:1. Instead, she absconded with the child.

Beardslee has failed to demonstrate error on the part of the circuit court in denying her motion to vacate the November 15, 1993 order. Accordingly, the decision of the circuit court is

2

summarily affirmed.

                                             <u>Affirmed.</u>